**ORIGINAL**

**FILED**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

MAR 2 3 2015

U.S. COURT OF FEDERAL CLAIMS

| | |
|---|---|
| J. CASARETTI; and FEDERAL AIR MARSHALS 6500 TO 10000, | |
| Plaintiffs, | No. 15-294 C |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## COMPLAINT

Original Plaintiff, J. Casaretti, and Opt-In Plaintiffs, Federal Air Marshals 6500 to 10000 (collectively "Plaintiffs"), by their undersigned attorney, for their Complaint against the United States, state as follows:

### NATURE OF ACTION

1. This is a collective action to recover overtime and other unpaid wages brought pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq. Plaintiffs worked overtime hours and/or worked on duty without just compensation. Defendant knew or should have known that Plaintiffs worked overtime or provided on-duty services but failed to compensate them.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1), 29 U.S.C. §§ 207(a)(1) and 216(b), and/or 28 U.S.C. § 1346(a)(2).

### FACUTAL ALLEGATIONS

3. Original Plaintiff J. Casaretti is a Senior Federal Air Marshal employed by the defendant and classified as FLSA non-exempt in its FAM Service, which is a component of the

Transportation Security Administration ("TSA"), which itself is an agency within the Department of Homeland Security ("DHS").

4. Opt-in Plaintiffs, Federal Air Marshals 6500 through 10000, are current and former Federal Air Marshals employed by the defendant and classified as FLSA non-exempt in its FAM Service.

5. Original Plaintiff J. Casaretti brings this action on behalf of himself and the Opt-In Plaintiffs, who are all similarly situated Federal Air Marshals who defendant did not compensate in accordance with the FLSA.

6. Defendant United States of America is an "employer" and "public agency" within the meaning of 29 U.S.C. § 203(d), (x).

7. With the exception of Original Plaintiff J. Casaretti, Plaintiffs file this action as a "John Doe" complaint since public disclosure of their names may compromise national security or endanger their personal safety. In addition, Plaintiffs file this complaint anonymously because numerous Federal Air Marshals have been threatened with retaliation if they prosecute an action seeking compensation to which they are lawfully entitled.

8. Plaintiffs, with the exception of Original Plaintiff J. Casaretti, are anonymously designated as Federal Air Marshals 6500 to 10000 because public disclosure of their names may compromise national security and/or endanger flight safety, Plaintiffs' lives, and the lives of others. Contemporaneously with the filing of this Complaint or as soon thereafter as is practicable, each Plaintiff will file under seal of the Clerk of the Court signed written consent to join this action as a plaintiff pursuant to 29 U.S.C. § 216(b). The numbering sequence for the Plaintiffs in this action begins with 6500 because of the existence of and to avoid confusion with the numbering sequence assigned to Federal Air Marshals in four other lawsuits filed in this Court as follows: (1) 2006 C 233, filed on behalf of Federal Air Marshals "1 et al."; (2) 2008 C 105, filed on behalf of Federal Air Marshals 1806 to 1833; (3) 2010 C

374, filed on behalf of Federal Air Marshals 3101 to 3114; and (4) 2001 C 613, filed on behalf of Federal Air Marshals 6001-5093.

9. At all times relevant to this Complaint, Plaintiffs were employed by the FAMS/TSA/DHS in one or more of the agencies' field offices throughout the United States.

10. Plaintiffs are responsible for, *inter alia,* traveling on commercial aircraft and seeking to detect and neutralize security threats.

11. Plaintiffs are also subjected to quarterly physical examinations, assessments, an on-site training routine, and an individualized physical fitness program.

12. In 2001, responsibility for the FAM Service was transferred from the Federal Aviation Administration to the TSA by the Aviation and Transportation Security Act ("ATSA").

13. Prior to the transfer of the FAM Service to the TSA, the compensation of Federal Air Marshals was subject to the FAA personnel management system, implemented pursuant to the 1996 Department of Transportation Appropriations Act, 49 U.S.C. § 40122 ("Section 40122").

14. After the transfer of the FAM Service to the TSA, the TSA implemented a pay policy for Federal Air Marshals pursuant to Section 40122.

15. During the three-year period that precedes the filing of this Complaint, defendant refused to pay specific and entitled overtime compensation and other pay for on-duty work.

16. Defendant's refusal to pay overtime compensation and other pay for on-duty work to Plaintiffs is a violation of FLSA.

17. More specifically, at all times relevant hereto, Section 207(a)(1) of FLSA (29 U.S.C. § 207(a)(1), provided:

> Except as otherwise provided in this section no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

18. Further, at all times relevant hereto, Section 216(b) of FLSA (29 U.S.C. § 216(b)), provided in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to

any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

19. Defendant has contended that Plaintiffs are not entitled to overtime compensation under FLSA because employee compensation of TSA employees, including overtime compensation, is governed by a personnel management system pursuant to 49 USC §§ 114 (n) and 40122(g)(1).

20. In 2006, the United States Court of Federal Claims in *Federal Air Marshals v. United States,* 74 Fed. Cl. 484 (2006), considered and rejected the defenses identified in paragraph 18.

21. Defendant has raised other defenses against paying overtime compensation to Federal Air Marshals including the following:

    A. Defendant has contended that Federal Air Marshals receiving availability pay to be subject to earnings constraints imposed on criminal investigators under 5 U.S.C. § 5545(a), thereby exempting Federal Air Marshals from the FLSA overtime provisions;

    B. Defendant has contended that FLSA does not apply to Federal Air Marshals because they are engaged in law enforcement activities to whom a seven-day work period applies;

    C. Defendant has contended that availability pay received by Federal Air Marshals is compensation for overtime work;

    D. Defendant has contended that Federal Air Marshals are not entitled to compensation for unrecorded or off-duty hours because they have not

>   demonstrated that any specific activity for which they seek compensation is not *de minimus;* and
>
> E.  Federal Air Marshals' off-duty physical fitness and firearms training does not constitute compensable overtime work pursuant to FLSA under 29 U.S.C. § 207(k).

22. On November 5, 2008, the United States Court of Federal Claims in *Federal Air Marshals v. United States,* 84 Fed. Cl. 585 (2008), addressed the defenses identified in paragraphs 18 and 20 and held that Federal Air Marshals work a seven-day work period and are entitled to overtime compensation at one and one-half times their regular rate for all hours worked in excess of forty-three hours per week subject only to an offset in the amount of availability pay pursuant to 5 U.S.C. § 8331(3)(E)(ii) paid to Federal Air Marshals for work performed in excess of forty-three hours per week.

23. Despite the holding of the United States Court of Federal Claims as set forth in paragraphs 19 and 22, defendant continued to knowingly and intentionally schedule and require Plaintiffs to work substantially in excess of forty-three hours per week, and in many instances, substantially in excess of fifty hours, during most weeks of their employment, for which Plaintiffs have refused to compensate at one and one-half times Plaintiffs' regular rate for all hours worked in excess of forty-three hours per week subject only to an offset in the amount of availability pay pursuant to 5 U.S.C. § 8331(3)(E)(ii) paid to Federal Air Marshals for work performed in excess of forty-three hours per week. Defendant has further failed to pay Plaintiffs for hours worked in excess of 40 hours per week in violation of the prior order.

24. In addition to all scheduled hours (including scheduled hours in excess of forty-three during a week), the defendant has ordered and required Plaintiffs and other Federal Air Marshals to perform administrative and other related duties which have been reasonably known, anticipated, ordered and required by defendants at the time of making work schedules for Plaintiffs and other Federal Air Marshals. However, defendant failed to include time known by defendant to be necessary to perform such duties in the scheduled workweeks of the Plaintiffs

and other Federal Air Marshals. Plaintiffs and other Federal Air Marshals have performed such work and defendant has suffered such work to have been performed during weeks in which Plaintiffs and class members have otherwise been scheduled to work and have worked more than forty-three hours in such weeks, but defendant has failed to pay compensation as required by law for such time in excess of forty-three hours actually worked by Plaintiffs and other Federal Air Marshals.

25. Plaintiffs and class members are under the defendant's direction and control from the time they arrive on the premises of an airport until the time they return to same airport at the completion of a mission, and during all such times, Plaintiffs and class members are performing work for and are acting at the order and direction of the defendant. Such work has been reasonably known, anticipated, ordered and required by the defendant at the time of making work schedules for Plaintiffs and class members, but the defendant has knowingly and intentionally failed to include in the scheduled work weeks of the Plaintiffs and class members all of the time necessary to perform such work being performed by Plaintiffs and class members while performing missions that Plaintiffs and class members have been assigned to work. Plaintiffs and class members have performed such work during weeks in which Plaintiffs and class members have otherwise been scheduled to work and have worked more than forty-three hours, and defendant has suffered such work (in excess of forty-three hours) to be done, but defendant has failed to pay compensation to Plaintiffs and class members as required by law for such time actually worked by them, including all hours worked in excess of forty per week.

26. In addition to all hours for which Plaintiffs and class members have been scheduled to work (including scheduled hours in excess of forty-three during a week) and in additional to all of the above-described hours for which Plaintiffs and class members were ordered to perform administrative work and work on the premises of airports, Plaintiffs and class members are and have been generally and reasonably accessible to perform unscheduled duty for more than 10 hours per week in connection with unanticipated and unscheduled delays in airline flight arrivals and departures.

27. Plaintiffs and class members have worked well in access of fifty hours per week during many weeks in the relevant time period.

28. Plaintiffs have not been paid for all regular work hours for work performed during their work period and have not received valid and reimbursable paid overtime, holiday, Sunday or Saturday pay. Plaintiffs and class members further have not been appropriately compensated for Law Enforcement Availability Pay ("LEAP") to offset regularly scheduled overtime.

29. Defendant has failed to calculate correctly Plaintiffs base rate of pay thereby causing Plaintiffs to receive insufficient compensation for overtime, LEAP, holiday, Sunday and Saturday pay, which has in turn has affected Plaintiffs' retirement benefits.

30. In addition, the Plaintiffs, who have been required to participate in required overnight missions ("ROM") or international ("INT") trips, are not compensated for time spent on duty during those missions. Further, defendant has failed to pay Plaintiffs on ROMs or INTs appropriate sleep time pay pursuant to 29 CFR § 553.222 and other controlling statutory regulations.

## COUNT I

### FAILURE TO PAY WAGES IN A MANNER CONSISTENT WITH THE FLSA

31. Plaintiffs reallege and incorporate by reference paragraphs 1 through 30 as and for paragraph 31 of this Count.

32. Defendant's failure to compensate Plaintiffs properly for regular time worked violated the FLSA.

33. Defendant's failure to compensate Plaintiffs properly for overtime worked violated the FLSA.

34. Defendant's violations of FLSA were willful in that Defendant knew or in reckless disregard failed to identify whether its failure to pay overtime compensation to Plaintiffs was prohibited by the FLSA.

35. Defendant's violations of FLSA were willful in that Defendant knew or in reckless disregard failed to identify whether its failure to pay Plaintiffs for regular time worked violated the FLSA.

36. Plaintiffs are entitled to back pay, liquidated damages, and other relief for defendant's violation of FLSA, 29 U.S.C. §§ 201, *et seq.*

37. Count I is brought as an opt-in collective action by those Plaintiffs who will file written consents with the Court to participate in this action. No other Federal Air Marshal is represented in or by this action.

38. Plaintiffs believe there are thousands of Federal Air Marshals affected by defendant's failures to as alleged herein.

39. The claim alleged in this Count should be permitted to be maintained as a collective action on behalf of Plaintiffs because (1) there are questions of fact or law common to the original Plaintiff and Plaintiff Federal Air Marshals 6500 through 10000 and any others who may choose to participate by written consent filed with the Court, which predominate over any question affecting only individuals Plaintiffs herein, and (2) a collective action is superior to other available methods for the fair and efficient adjudication of the controversy herein between each Plaintiff and defendant.

## COUNT II

### VIOLATION OF THE BACK PAY ACT

40. Plaintiffs reallege and incorporate by reference paragraphs 1 through 39 as and for paragraph 40 of this Count.

41. Count II is brought as an opt-in collective action by those Plaintiffs who will file written consents with the Court to participate in this action. No other Federal Air Marshal is represented in or by this action.

42. Original Plaintiff and Plaintiff Federal Air Marshals 6500 10000 suffered an unjustified personnel action in that they were forced to work without being paid on their scheduled payday for work performed during that pay period and without being paid proper wages for regular time worked and for overtime work in accordance with the FLSA.

43. As a result, if statutory liquidated damages are not awarded, Plaintiffs are entitled under the Back Pay Act, 5 U.S.C. § 5596, to payment of interest from their scheduled paydays to the date of judgment for all amounts not paid in violation of the FLSA, to attorneys' fees and to reimbursement of expenses.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that this court enter judgment in favor of Plaintiffs and all other Federal Air Marshals who file written consents in this action and against defendant, including but not limited to the following relief:

A. Allow the claim to proceed as a collective action pursuant to 29 U.S.C. §216(b);

B. Declare that original Plaintiff and Federal Air Marshals 6500-10000 who consent to join in this action are non-exempt from the overtime provisions of the FLSA, 29 U.S.C. §207, and that defendant has been and continues to be in willful violation of said provisions by failing to pay overtime compensation as required by the FLSA to Plaintiffs and all other Federal Air Marshals who consent to participate in this action for hours worked in excess of forty-three hours during a week;

C. Declare that defendant has been and continues to be in willful violation of the FLSA by failing to compensate Plaintiffs for all hours worked as required by the FLSA to original Plaintiff and Federal Air Marshals 6500-10000 who consent to participate in this action;

D. Declare that defendant has been and continues to be in willful violation of the FLSA by failing to calculate the basic rate of pay as required by the FLSA due to original Plaintiff and Federal Air Marshals 6500-10000 who consent to participate in this action;

E. Order defendant to account to original Plaintiff and Federal Air Marshals 6500-10000 who consent to participate in this action for all hours worked in excess of forty during any week within the relevant period of limitations;

F. Award to Plaintiffs and all other Federal Air Marshals who consent to participate in this action back pay for all hours worked in excess of forty during any week within the relevant period of limitations in amounts required by the FLSA;

G. Award to original Plaintiff and Federal Air Marshals 6500-10000 who consent to participate in this action liquidated damages in an additional amount equal to the back pay for all hours worked in excess of forty during any week within the relevant period of limitations;

H. Award to Plaintiffs and all other Federal Air Marshals who consent to participate in this action such other compensation and benefits to which they may be entitled as a result of the unlawful practices and policies of defendant;

I. Enjoin defendant from failing to pay overtime compensation pursuant to the FLSA, 29 U.S.C. §207, to original Plaintiff and Federal Air Marshals 6500-10000 who consent to participate in this action who are, at the time of judgment, employed by defendant as Federal Air Marshals;

J. Award pre-judgment interest to original Plaintiff and Federal Air Marshals 6500-10000 who consent to participate in this action;

K. Award to original Plaintiff and Federal Air Marshals 6500-10000 who consent to participate in this action their costs of suit;

L. Award to original Plaintiff and Federal Air Marshals 6500-10000 who consent to participate in this action reasonable attorneys' fees and expenses;

M. Should the Court determine that defendant acted in good faith and had reasonable grounds for believing that its actions in denying compensation due and owing were not in violation of the FLSA, then award original Plaintiff and Federal Air Marshals 6500-10000 prejudgment interest on the amounts owed; and

N. Grant such other and further relief as this Court deems to be appropriate and just.

RESPECTFULLY SUBMITTED,

By: _____
Nicholas M. Wieczorek
*Attorneys for Plaintiffs*

Nicholas M. Wieczorek, California State Bar No. 110170
Nevada State Bar No. 6170
NWieczorek@mpplaw.com
Morris Polich & Purdy LLP
500 S. Rancho Drive, Suite 17
Las Vegas, Nevada 89106
Telephone:   702-862-8300
Facsimile:    702-862-8400
**Counsel for Plaintiffs**

Date: March 20, 2015